UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY MAYER,<br><br>   Plaintiff,<br><br> v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, et al.,<br><br>   Defendants. | Case No. 25-cv-00182-NW  (SVK)<br><br>**DISCOVERY ORDER RE DKT. NOS. 90, 91, 92** |

Before the Court are three discovery disputes between Plaintiff and a varying combination of Defendants HSBC and PHH. Each dispute is properly and most efficiently handled without oral argument. Civ. L.R. 7-1(b). Having carefully considered the Parties' arguments, the relevant law and, as relevant, the litigation history between the Parties, the Court rules as set forth herein.

I. **Depositions of Ms. Naik and Mr. Dsouza (Dkt. 90)**

**PHH employees Ms. Naik and Mr. Dsouza will appear for deposition as ordered below.** In both instances, the employees were identified in verified discovery responses as key actors vis a vis the subject loan. Dkt. 90 at 2-3. At a hearing before this Court on this very point – the level of authority of these employees – PHH stood by its responses, a point which the Court confirms from its review of the audio recording. *See also id*. PHH does not, presumably because it cannot, dispute the representations made to the Court as to the veracity of its verified interrogatory responses. Instead, PHH now claims that it was merely relying on its servicing notes in identifying Ms. Naik and Mr. Dsouza, rather than conducting the reasonable and diligent investigation *required* by the Federal Rules of Civil Procedure. Dkt. 90 at 12.[1] PHH's plea is

---

[1] The Joint Submission exceeds this Court's ten page limit, even discounting the pleading cover page. Accordingly, the Court accepts only 5 pages of argument from each side and considers nothing beyond this limit.

unavailing in light of its interrogatory responses and representations to this Court.

In addition, PHH's responses to the deposition notices for Ms. Naik and Mr. Dsouza fail to comply with the Rules to such a degree as to demonstrate bad faith. First, PHH does not dispute that the depositions were noticed on November 24, 2025 for depositions to proceed on December 10 and that PHH failed to meet and confer with Plaintiff's counsel until just two days before the depositions, on December 8. At that late hour, PHH raised its objections for the first time – including that the witnesses were located in India and would need to be served via the Hague Convention. Any and all such objections have been waived. The proper method to object to a deposition notice is to move for a protective order under Federal Rule 26(c). And the requisite first step is to meet and confer:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Federal R. Civ. Pro. 26(c)(1). The Joint Submission, filed post-deposition, does not begin to satisfy Rule 26(c)(1); a protective order precedes the deposition. *Id*. Finally, PHH's belated reliance on the Hague Convention on this record further demonstrates its discovery gamesmanship. The time to inform Plaintiff of the location of these witnesses was at the time of disclosure. Indeed, once identified as key actors in response to verified interrogatories and by representations to this Court, PHH had an obligation to amend its initial disclosures to include these witnesses and provide contact information. Fed. R. Civ. Proc. 26(a). If proper disclosure did not raise the question of whether service under the Hague Convention would be necessary, then PHH was obligated to raise it in a meaningful meet and confer upon receipt of the notice, in which, as noted above, PHH failed to engage. In sum, PHH identified Ms. Naik and Mr. Dsouza as key actors with relevant information, and Plaintiff's inference as to their status as managing agents on this record, thereby rendering notices of depositions sufficient under Rule 26, was reasonable. PHH's arguments against making these witnesses available for remote video deposition do not sound in good faith, have been waived and are otherwise utterly unavailing. The Court does note PHH's belated reference to Ms. Naik's maternity leave. Upon verification

1  that Ms. Naik is on such leave, by production to Plaintiff of the formal authorization for such leave
2  by PHH, Ms. Naik's deposition shall be conducted on a date and time of her choosing (subject to
3  the deadline below) and limited to 2.5 hours. These depositions shall be completed **no later than**
4  **January 16, 2026**.

II. **Depositions of Ms. Pierre and Ms. Drexel. (Dkt. 91)**

**PHH employees Ms. Pierre and Ms. Drexel will appear for deposition as ordered below.** Ms. Pierre frequently appears in the operative servicing notes and in emails identified in the privilege log. As such, Plaintiff's inference that she had an active and significant role vis a vis the subject loan is not unreasonable. PHH has withheld additional facts, such as the titles of other participants in privileged discussions, which might have informed such an inference. Dkt. 91 at 2. Similarly, Ms. Drexel has been identified as one of just two "managers" and also appears in privileged email discussions during the relevant time period. *Id*. at 3. Again, PHH has not provided additional facts as to other members of the email chains to attack Plaintiff's reasonable inference regarding Ms. Drexel's role at PHH. *Id*. As for PHH's objection that a corporate designee has already testified as to the handling of the loan, the Court calls PHH's attention to Federal Rule 30(b)(6), which provides in relevant part:

> This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

PHH's remaining objections are waived for the reasons identified in re Dkt. 90 above and incorporated herein, to wit PHH's failure to properly and timely object to the deposition notices by engaging in good faith meet and confer efforts and then, if necessary, move for protective order. Fed. R. Civ. Pro. 26(c)(1). Raising objections on the eve of scheduled depositions is not sufficient.

III. **Confidentiality Designations (Dkt. 92)**

Plaintiff objects to Defendants' HSBC and PHH producing a Servicing Agreement and an Asset Purchase Agreement with designations of "Confidential" as provided under the Protective Order. Plaintiff argues that Servicing Agreements in general often appear in public court filings and suggests that the specific Asset Purchase Agreement at issue here was published in an

unidentified Bankruptcy Court docket.  Dkt. 92 at 2-3.  Defendants point to specific confidentiality provisions in each agreement, requiring the parties thereto to take reasonable steps to maintain confidentiality.[2]  *Id.* at 4.

The Court agrees with Defendants that Plaintiff's argument regarding Servicing Agreements in general is not persuasive in the context of these proceedings and the express confidentiality provision in the Servicing Agreement at hand.  The confidentiality designation for the Servicing Agreement stands.  As for the Asset Purchase Agreement, if it is already a matter of public record, then further protection is unwarranted, notwithstanding the confidentiality provision.  Plaintiff has **until January 9, 2026** to provide the specific case name, number and docket citation to the public filing of the Asset Purchase Agreement such that Defendants can verify its status.  As stated above, if the Asset Purchase Agreement at hand is already a matter of public record, then Defendants are to promptly re-produce it without the confidentiality designation.  If Plaintiff does not provide the relevant information by the deadline, then the confidentiality designation stands.

**SO ORDERED.**

Dated: January 2, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

---

[2] The Court is familiar with such agreements and the standard confidentiality requirements set forth therein and therefore declines the invitation to review these documents *in camera*.

4