## DECLARATION OF BERNARD JAY PATTERSON

Comes now, Declarant, Bernard Jay Patterson, and states as follows:

1.      My name is Bernard Jay Patterson.  I typically go by the name Jay Patterson.  I am over the age of eighteen years and am otherwise *sui juris*.  I make this declaration upon personal knowledge unless otherwise stated herein.

2.      I am the principal of Full Disclosure, LLC, which is a business that provides forensic and investigative accounting, auditing, and data analytics.  I provide these services both as a consultant and in an expert capacity and routinely testify as an expert witness.

3.      Up until very recently, I have always testified about the single case where I have been excluded as an expert witness and/or had my testimony limited.  To the best of my knowledge, this was absolutely true.

4.      I have recently found out that, unbeknownst to me, this was, in fact, not, strictly speaking, true.

5.      I was deposed on August 3, 2021, in the case of *HSBC Bank USA, N.A. v. Ryan*, Palm Beach County Case No. 2018-CA-013901.  The day before that deposition, which was conducted via Zoom, I received Plaintiff's exhibits.  Therein, there was a copy of an order in a case *Bank of New York Mellon v. Marin*, Miami-Dade Case No. 08-CA-67540.

6.      Apparently, on July 30, 2014, the Honorable Circuit Judge Jacqueline Hogan Scola of the Circuit Court in and for Miami-Dade County, Florida, entered an Order Granting Plaintiff's Motion to Strike Defendant's Expert Witness Testimony (the "*Marin* Order").  A true and correct copy of this order is attached hereto as **Exhibit A**.

7.      Until August 2, 2021, I had no knowledge of the *Marin* Order.

1

8.     In fact, until August 2, 2021, when I began to investigate the matter, I had no knowledge that I had been disclosed as an expert in the *Marin* matter that resulted in the Order. This was because I was not retained in the *Marin* matter at the time that I was stricken.

9.     As full disclosure, I was eventually retained in the *Marin* matter—in 2015. However, even after I was retained, I still had no knowledge of the previous *Marin* order until August 2, 2021.  This is because Bruce Jacobs never told me.

10.     I was not retained in the *Marin* matter at the time that the Court entered the Order striking me, nor did counsel for Marin discuss or notify me of the Order striking me as an expert.

11.     It appears that what occurred is that counsel for the Marins, Mr. Bruce Jacobs, disclosed me as a potential expert—**without my retention or permission**.  Again—I *was* later retained on other issues in that matter, but I was not an expert in the matter at the time that I was stricken.

12.     Further, it appears that as the *Marin* matter was getting closer to trial, the case was narrowed, and counsel for Bank of New York moved to exclude certain experts—myself included—as irrelevant to the case that was moving forward.

13.     My knowledge of these facts comes from my discussions with Mr. Bruce Jacobs, my review of the records, and my discussions (via my counsel) with counsel for Bank of New York at Blank Rome.

14.     This is buttressed by the fact that Judge Hogan Scola's Order says "The W's Tully + Patterson both have irrelevant expertise and shall not testify."  Exh. A.

15.     I have since come into possession of an Affidavit that Mr. Bruce Jacobs prepared in *Bank of New York Mellon v. Nicolas*, Miami-Dade Case No. 2018-CA-037059, dated August 19, 2021.  A true and correct copy of this Affidavit is attached hereto as **Exhibit B**.  Therein, Mr.

2

Jacobs states that "Mr. Patterson was never told about the 2014 order struck that struck his testimony. He had no way to know the order was ever entered." Exh. B ¶ 5.

16.     Mr. Jacobs goes on to state that "In 2014, my routine practice was to list Mr. Patterson and Kathleen Cully as expert witnesses in all of my foreclosure defense cases. I did not give Mr. Patterson or Ms. Cully prior notice, sign any professional expert retainer agreement with them, or many any payment of any retainer fees or other consideration before I listed them as experts. It was done so the option to call them as witnesses was preserved." Exh. B ¶ 6.

17.     I have retained counsel related to the *Marin* order. They have been working with counsel for Bank of New York to see if a mutually agreeable amendment can be made related to order. To this point, no such agreement has been reached.

18.     Other than the *Marin* Order and the disclosed Ohio order, I am unaware of any case in which I was disclosed and later excluded as a witness.

19.     As of August 2, 2021, I am now aware of the *Marin* Order, which I am disclosing by way of this declaration. However, as noted herein and in Mr. Bruce Jacobs's Affidavit attached hereto, I was not ever retained, nor did I consent to disclosure in the *Marin* matter. Therefore, my statements and testimony prior to August 2, 2021, were always true and correct to the best of *my* knowledge.

20.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

21.     Further declarant state not.

Dated: May 18, 2022, at North Little Rock, Arkansas

_Ben d Juy Patterson_

_____

Bernard Jay Patterson

3

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO: 08-67540 CA04(59)

BONY

Plaintiff(s),

vs.

Donny Marin, et. al

ORDER
GRANTING/DENYING
PLAINTIFF'S/DEFENDANT'S

Defendant(s),

_____/

FILED FOR RECORD
2014 JUL 30 PM 3:53
CLERK CIRCUIT COURT
DADE COUNTY, FLA.
CIVIL #110

THIS CAUSE having come on to be heard on _Wednesday, 7/30/14_
on Plaintiff's/Defendant's Motion
_To Strike △'s Expert Witness Testimony_

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

Granted. After reviewing Π's MIL & △'s Expert Witness Disclosure the W's, Kully + Patterson both have irrelevant expertise and shall not testify in this trial and are stricken.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this ___30th___

day of ____July____, _2014_.

_____
CIRCUIT COURT JUDGE

JACQUELINE HOGAN SCOLA
CIRCUIT JUDGE

Copies furnished to: Counsel of Record
117_01-554  3/11     Π-D. Hurtes, Esq.
                     △-B. Jacobs, Esq.

# EXHIBIT "B"

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

THE BANK OF NEW YORK MELLON, F/K/A                  GENERAL JURISDICTION DIVISION
THE BANK OF NEW YORK AS TRUSTEE
FOR REGISTERED HOLDERS OF CWABS,                    CASE NO.: 2018-037059-CA-01
INC., ASSET-BACKED CERTIFICATES,
SERIES 2006- 23,

       Plaintiff,

vs.

JULIE NICOLAS, *et. al.,*

       Defendants.

_____/

## AFFIDAVIT

I, Bruce Jacobs Esq., having been first duly sworn, provide this Affidavit in support of Bernard Jay Patterson, and state under penalties of perjury that the following is true and correct:

1.     I am the Chairman of the Miami-Dade Bar Association's Foreclosure Committee, a former Miami prosecutor, and I practice foreclosure defense almost exclusively since 2008.

2.     In June of 2021, I prosecuted an Emergency Motion to Vacate Judgment Due to Fraud in *Bank of New York Mellon v. Julie Nicolas* before the Honorable Miami-Dade Circuit Judge Beatrice Butchko.

3.     At the conclusion of the hearing, Judge Butchko initiated criminal contempt proceedings against Bank of America, Bank of New York Mellon, and their counsel based on the affidavit of my expert witness, Bernard Jay Patterson, certified fraud examiner. Judge Butchko accepted Mr. Patterson as an expert witness and certified fraud examiner after cross-examination.

4.     After those criminal contempt proceeding began, I learned Bank counsel attacked Mr. Patterson in another case and tried to undermine his testimony by citing a 2014 order from a case involving the same fraud before Judge Butchko in *Bank of New York Mellon v. Donnie Marin*.

5.     Mr. Patterson was accused of knowingly failing to report that the Judge in the *Marin* case excluded his testimony. This is just not true. Mr. Patterson was never told about the 2014 order struck that struck his testimony. He had no way to know the order was ever entered.

6.     In 2014, my routine practice was to list Mr. Patterson and Kathleen Cully as expert witnesses in all of my foreclosure defense cases. I did not give Mr. Patterson or Ms. Cully prior notice, sign any professional expert retainer agreement with them, or make any payment of any

retainer fees or other consideration before I listed them as experts. It was done so the option to call them as witnesses was preserved.

7.    In each foreclosure case set for trial, my firm filed essentially a form expert witness list that always listed Mr. Patterson as "a certified fraud examiner" who would "opine that Plaintiff's evidence seeks to perpetrate a fraud upon the Court…."

8.    I did not always try to present Mr. Patterson or Ms. Cully as experts at the trial, but I wanted the option left open if I needed them to testify.

9.    It was not my practice to advise Mr. Patterson I had listed him in any particular case. I believed there would come a time, like with Judge Butchko, that Mr. Patterson would testify about systemic fraud on the court by Bank of New York Mellon and Bank of America.

10.    On July 30, 2014, the Honorable Judge Jacqueline Hogan Scola conducted a pre-trial hearing and entered the order granting an *ore tenus* motion to strike Mr. Patterson as an expert witness. Bank of New York Mellon never filed a formal motion and never took Mr. Patterson's deposition before seeking to strike him as an expert.

11.    To my dismay, Judge Hogan Scola ruled Mr. Patterson's testimony was irrelevant to the foreclosure and refused to hear any evidence Plaintiff "perpetrated a fraud on the court."

12.    At that time, Mr. Patterson had not filed any report, resume, or any response to the *ore tenus* motion to strike his testimony. In fact, Mr. Patterson had no knowledge that the motion to strike was ever presented or ruled upon. The Court had taken no testimony and heard no evidence before ruling fraud on the court was not relevant to the foreclosure.

13.    I never provided Mr. Patterson a copy of the Judge Hogan Scola's order. I never believed there was any reason to advise him of Judge Hogan Scola's order dated July 30, 2014, which provided, in part, that the "witnesses, Cully and Patterson, both have irrelevant expertise and shall not testify in this trial and are stricken."

14.    I never contacted Mr. Patterson about the order that struck him as an expert finding his opinion about fraud upon the court was irrelevant to any issues in the foreclosure. Mr. Patterson testified before Judge Butchko about the fraud on the court that led to the criminal contempt proceedings against Bank of America, Bank of New York Mellon and its counsel, and was never asked about the *Marin* order. Mr. Patterson would have had no knowledge about the order if asked.

15.    Judge Hogan Scola conducted a trial in the *Marin* case and ruled the MERS mortgage assignment was credible evidence to support a foreclosure judgment. In response, I prepared a motion for rehearing and actually retained Mr. Patterson to prepare an Affidavit to be filed in this case along with his standard resume on or about June 19, 2015.

16.    I never advised Patterson at the time I requested this affidavit of the prior Order of June 30, 2014, or of the nature and extent of said order. I continued to list Mr. Patterson as an expert witness on expert witness lists filed with the Court many times after the Order of July 30,

2014. As a result, Patterson had absolutely no knowledge of the Order and thus did not list it on the resume he submitted with his affidavit.

17.     I filed Mr. Patterson's affidavit and his resume with the Court on or about December 6, 2016. At the time I filed the affidavit and resume, I had not advised Mr. Patterson of the action taken by the Court on June 30, 2014.

18.     At the time of the entry of the order in this case of June 30, 2014, I had no idea I had any obligation to advise Mr. Patterson or my other listed expert that they should be notified of such adverse action by the court. This is why I did not provide them with any notice whatsoever.

19.     I have never advised Mr. Patterson of this action by the Court until Mr. Patterson talked with me following his most recent deposition. As such, Mr. Patterson did not know of this action by the court at any time before he was asked about it at a deposition in that unrelated Florida case within the past week or so.

FURTHER AFFIANT SAYETH NAUGHT.

Bruce Jacobs

BEFORE ME, the undersigned authority, appeared Bruce Jacobs who, being first duly sworn, on oath says all the allegations contained in this affidavit are true and correct.

SWORN AND SUBSCRIBED before me this 19th day of August, 2021.



NOTARY PUBLIC
My Commission Expires:

Personally known to me
Did take Oath

ELIZABETH MARIE PELUSO
MY COMMISSION # GG141097
EXPIRES September 04, 2021