Robert W. Norman, Jr. (SBN 232470)
Timothy A. Schneider (SBN 300816)
HOUSER LLP
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
E-Mail: tschneider@houser-law.com

Attorneys for Defendants,
PHH MORTGAGE CORPORATION, NOW KNOWN AS ONITY MORTGAGE CORPORATION
and HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-A
SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| Cory Mayer;<br><br>       Plaintiff,<br><br>       v.<br><br>DEUTSCHE ALT A SECURITIES MORTGAGE LOAN TRUST SERIES 2006-A.; PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE, LLC; DOES 1-20; and all persons unknown claiming any interest in the property, inclusive and DOES 1 through 50, inclusive,<br><br>       Defendants. | CASE NO.:  5:25-cv-00182-NW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF BERNARD JAY PATTERSON**<br><br>Date:   July 15, 2026<br>Time:  9:00 a.m.<br>Judge: Noel Wise<br>Place:  280 South 1st Street<br>        Courtroom 3, 5th Floor<br>        San Jose, California 95113 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
BERNARD JAY PATTERSON**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendants PHH Mortgage Corporation, now known as Onity Mortgage Corporation ("PHH"), and HSBC Bank USA, National Association, as trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR2 ("HSBC, as Trustee," and together with PHH, the "Defendants") will, and hereby do, reply the Opposition filed by plaintiff Cory Mayer ("Plaintiff") [Dkt. No. 169] ("Opposition") to the Motion to Exclude the Opinions of Bernard Jay Patterson [Dkt. No. 164] ("Motion").

This Reply is based on the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and any further evidence, arguments, or authorities presented at or before the hearing on Defendants' Motion.

Dated: June 12, 2026                     **HOUSER LLP**

/s/ Robert W. Norman, Jr.
Robert W. Norman, Jr.
Timothy A. Schneider
Attorneys for Defendants,
PHH MORTGAGE CORPORATION, NOW KNOWN AS ONITY MORTGAGE CORPORATION and HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR2

2
**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
BERNARD JAY PATTERSON**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff's argument that Patterson's opinions rest on "experience" and that his Mortgage Loan Analysis ("MLA") is helpful relies on one court's determination in an unanalogous case. The truth is that Patterson's MLA is a regurgitation of PHH's loan records with information he selectively chose from various sources without any methodology. Patterson has characterized and admitted that he considers the MLA's output as "facts", which underscores the reality that the MLA for which he rests all of his opinions is a factual narrative, and not a product of admissible expert methodology under Rule 702. The lack of methodology, which further undermines Patterson's reliability, of the MLA is also demonstrated by Patterson's admission that he gathers information from various sources without any standard methodology for doing so, simply in the manner that Patterson deems fit. The lack of methodology and reliance do not stop there, because Patterson then selectively pulled data from the MLA to prepare "variance analysis" tables with prejudicial labels and selective credits, which do not help the trier of fact to understand the evidence or to determine a fact in issue.

The only "opinions" that are not reliant on the MLA is Patterson's servicing fee and refinance analyses. However, these should be excluded on an even stronger basis than the MLA because they rely on speculative and counsel-driven calculations. Patterson admits he did not review the evidence to support his calculations and instead applied simple arithmetic to satisfy Plaintiff's request. Rule 702 requires reliable application of specialized knowledge to the facts. Generalized experience and a CFE credential in a non-fraud case do not establish the requisite expertise to support the statements proffered. Plaintiff's attempt to introduce an inflated, prejudicial number to support damages that is not rooted in fact is not the purpose of an expert report.

As for prior exclusions, Plaintiff frames Patterson's inconsistencies in sworn statements as a credibility issue for cross-examination, but these facts reinforce the Court's gatekeeping concerns where methodology is unreviewed and nonstandard. Defendants therefore request exclusion, or at least limitation of the speculative, irrelevant, and misleading calculations of damages, in Patterson's report and testimony under Rules 702 and 403 and *Daubert*.

/ / /

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
BERNARD JAY PATTERSON**

## II.     ARGUMENT

### A.     Patterson's report is an inadmissible factual narrative of the evidence already available to the jury.

Patterson's expert report contains his summaries of the "facts" without any statement on his opinions resulting from an assessment of those facts. The word opinion only appears three times in his report: once, when noting that he "may be asked to express opinions in rebuttal of matters that are raised" [Dkt. No. 164-1 at 90], and twice, when identifying two cases where the court excluded his opinions [*Id.* at 118]. Patterson consistently testified at deposition that the figures identified in the report are pulled from the MLA, which is a "reconstruction" of PHH's records. (Motion, Section V.B.). Patterson also admitted at deposition that he had no opinion on the numbers in the MLA and did not do an independent calculation of accuracy for the numbers referenced in the report. (*Id.*; *see also* Motion at 8:10-9:12). In the Opposition, Plaintiff tries to reframe Patterson's recitation of facts as "opinions", but Patterson filtering PHH's records through a spreadsheet is simply a narration under Rule 702. *Aya Healthcare Services, Inc. v. AMN Healthcare, Inc.*, 613 F.Supp.3d 1308, 1322 (S.D. Cal. 2020) (expert testimony cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence); *In re Seagate Technology LLC*, 326 F.R.D. 223, 243 (N.D. Cal. 2018) (excluding an expert declaration that merely summarized documents and advertisements). Patterson, an expert witness, merely adds up numbers from admitted exhibits to summarize evidence. This is especially concerning where Patterson admits he is the sole decider of what information to use from each source and does not follow a specific methodology in each case. Rather, he prepares the MLA as he sees fit, based upon the requests provided by counsel.

Plaintiff also criticizes the time it took to adjust the loan balance after the 2020 Settlement Agreement, and uses that as a crutch to suggest the loan is complex and makes Patterson's expertise appropriate. That delay, however, did not result from a complex loan-servicing database but instead from a unique post-settlement dispute over the settlement terms. The parties spent years trying to resolve disagreements about the "credit" language and the treatment of Plaintiff's escrow account. Patterson's MLA is unnecessary to explain either the accounting or the $33,120.95 post-settlement escrow balance identified in his variance analyses. The parties do not dispute the post-settlement

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
BERNARD JAY PATTERSON**

balance amount; they dispute whether the settlement required PHH to reduce the escrow balance to zero. Thus, the multiple "variance analyses" are merely an attempt by Plaintiff to demonstrate to the jury in a prejudicial manner that the parties were working towards resolving the disputes about the post-Settlement Agreement amounts.

### B.    Patterson's servicing-fee analysis is speculative and irrelevant.

Plaintiff argues Patterson's servicing fee analysis is admissible as a relevant hypothetical calculation. (Opposition, IV.E.). Patterson's report and deposition testimony, however, confirm his "analysis" is nothing more than basic arithmetic without any analysis, opinion, or data synthesis. *See United States v. Grizaffi,* 471 F.2d 69, 74 (7th Cir. 1972) (excluding an accounting expert because he would do no more than make basic arithmetical computations with figures supplied to him by counsel). The key distinction is whether the expert adds analytical value beyond mere calculation.

Hypothetical questions and calculations must also be based upon facts in evidence. *See Stephens v. Union Pacific Railroad Company*, 935 F.3d 852, 857 (2019) ("The expert's opinion must rest on 'facts or data in the case that the expert has been made aware of or personally observed,' not merely assumptions and speculation") (citations omitted).

Plaintiff's reliance on paragraph 103 of Patterson's report confirms no special methodology or analysis went into the calculation:

> Counsel has requested calculations of what the servicing fees would be comparatively between the regular servicing fee of 6.00 per month, the default/foreclosure servicing fee of $65.00 per month and the Recovery Collection Default Fee of 40% of recovered amount for the period 06/01/2020 to the date of sale of 01/18/2024 as shown in the Notice of Trustee's Sale recorded on 12/04/2023. The calculated results are shown in the tale below:
>
> Regular Servicing Fee @ 6.00 per month for 43 months: $258.00
> Default Servicing Fee @ 65.00 per month for 43 months: $2,795.00
> Recovery Collection Fee @ 40% of 447,655.82 (UPB): $179,062.33
> (Dkt. No. 164-1 at p. 88, ¶103).

Patterson admitted he had no opinion on the fees paid to PHH or on whether PHH would receive the fees on the amounts recovered on the loan. (*Id*. at p. 57-58). Patterson explicitly stated that the purpose behind his calculation was to satisfy Plaintiff's request:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
BERNARD JAY PATTERSON**

Q. So did Mr. Christensen tell you to complete a calculation of what the recovery collection fee at 40 percent would be of the unpaid principal balance and you simply did the formula and put it in this chart?
A. That's correct.
Q. So what purpose does this calculation serve?
A. Satisfies Mr. Christensen's request to me to provide these calculations.
(*Id.* at p. 59).

*See In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 978 F.Supp.2d 1053, 1066 (N.D. Cal. 2013) (the testifying expert cannot merely act as a conduit for an underlying expert's opinion). The "conduit" rule is even more attenuated here, where Patterson is not merely acting as a conduit for another underlying expert's opinion; rather, Patterson is acting as a conduit for Plaintiff's counsel's opinion. This is wholly improper.

Plaintiff does not have any evidence that the "Recovery Collection Fee" would be calculated at 40% of the unpaid principal balance of the Loan. These contingent, counsel-driven computations are untethered to borrower-specific facts and are unhelpful and prejudicial under Rule 702.

**C.      Patterson's refinance calculations are speculative and irrelevant.**

Patterson's hypothetical refinance calculations are irrelevant, because there is no dispute that Plaintiff was not approved, was not conditionally approved, and was not rejected for a refinance loan in 2020, despite the "assumptions" asserted in the report and Opposition.  Expert testimony based on hypothetical questions is permitted but with a critical limitation: the hypothetical must be rooted in facts shown by the evidence. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993) (citing authority holding "[a]n additional consideration under Rule 702 – and another aspect of relevancy – is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute") (*quoting United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985). Courts may exclude expert testimony when there is an analytical gap between the evidence and the opinion proffered.

Plaintiff claims he will have a mortgage broker testify at trial concerning Plaintiff's qualification for a refinance, but a mortgage broker is not a lender and does not complete the under-writing process. Plaintiff has not identified any evidence in Opposition, or in the briefing on

4
**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE**
**BERNARD JAY PATTERSON**

Defendants' Motion for Summary Judgment, to support the assumptions Patterson relies on.

Regardless, any alleged damages resulting from a hypothetical refinance are moot. Defendants forgave Plaintiff's loan balance and released the Deed of Trust. *Id.* at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (internal citations omitted). As addressed in detail in Defendants' Motion for Summary Judgment, Plaintiff owns nothing further on his Loan, thus an analysis of purported damages on a hypothetical refinance is irrelevant and will not aid the jury in resolving any disputes.

**D.    Patterson's variance analyses are misleading due to his mislabeling and subjective selection of credits.**

As discussed in the Motion, Patterson omitted an escrow-interest credit from his "first credit" and "total credits" tallies, and excluded other credits (e.g., $172.75 and $2,230.93 on 11/15/2022). (Dkt. 164-1 at pp. 45-48, 51, 79). In the Opposition, Plaintiff frames the exclusions as a presentation and selection choice, but selective inclusion skews the variances and makes them not reliably grounded. Patterson's assumptions about which records to include or how to categorize transactions are internally inconsistent with the formula's own requirements, rendering the application unreliable. *See Mitchell v. Gencorp Inc.*, 165 F.3d 778, 782 (10th Cir. 1999) (noting any step that renders the analysis unreliable, including misapplication of methodology, renders the testimony inadmissible).

## III.    CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court grant Defendants' Motion and exclude, or at a minimum limit, the opinions of Bernard Jay Patterson under Rules 702 and 403.

DATED:  June 12, 2026          **HOUSER LLP**

/s/ Robert W. Norman, Jr.
Robert W. Norman, Jr.
Timothy A. Schneider
Attorneys for Defendants, PHH Mortgage Corporation and HSBC
Bank, USA, National Association, as Trustee for Deutsche Alt-A
Securities Mortgage Loan Trust, Series 2006-AR2

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
BERNARD JAY PATTERSON**