UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CORY MAYER,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No. 25-cv-00182-NW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 160 |

Plaintiff Cory Mayer sued PHH Mortgage Corporation ("PHH") and HSBC Bank USA, National Association as trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2006-AR2 ("HSBC") (collectively, Defendants) seeking to enforce a settlement agreement between the parties regarding his home mortgage. Defendants now move for summary judgment. The motion is fully briefed, and the Court held a hearing on July 14, 2026. Defendants' motion is GRANTED in part, and DENIED in part.

## I.    BACKGROUND

The Court has detailed the factual background of this case in prior orders and incorporates by reference the relevant portions of those orders. *See* ECF No. 61. Briefly for context here, in March 2006, Mayer borrowed $456,000.00 from HSBC as a mortgage loan to purchase his home in Santa Cruz County, California. PHH was the loan servicer of Mayer's mortgage when Mayer filed this action.[1] In November 2016, after Mayer missed a series of mortgage payments, HSBC foreclosed on Mayer's property and took title. Mayer filed a civil action in Santa Cruz County Superior Court in January 2017 to prevent the foreclosure, arguing that he had in fact been making

---

[1] PHH is the successor company to Mayer's original loan servicer, Ocwen Loan Servicing, LLC.

United States District Court
Northern District of California

his required payments and was not in default ("2017 Lawsuit"). Following negotiations between the parties and their counsel, HSBC cancelled the foreclosure and restored title to Mayer in October 2019. A few months later, Mayer, HSBC, and PHH resolved the 2017 Lawsuit by executing a confidential Settlement Agreement ("Settlement Agreement").

The Settlement Agreement contains a release of all known and unknown claims against Defendants up to and including Plaintiff's execution of the Settlement Agreement on March 4, 2020. The settlement had four parts: (1) rescission of the foreclosure by Defendants; (2) reinstatement of the loan by Plaintiff, supported by a January 29, 2020 reinstatement quote ("Reinstatement Quote"); (3) payment of settlement funds by Defendants; and (4) adjustment of Plaintiff's credit reporting for the loan by Defendants.

The current dispute arises out of the interpretation of one element of the settlement – whether an amount of $33,120.95 was to be treated as a "lien" as labelled in the Reinstatement Quote, or as a "credit" as labelled in the Settlement Agreement. Defendants contend that the $33,120.95 was intended to be a part of Plaintiff's repayment obligations, and that the difference in the label was simply "a mistake in drafting the Settlement Agreement when incorporating the Reinstatement Quote." ECF No. 160 at 11. Plaintiff argues that the $33,120.95 should be treated as a "credit" per the language of the Settlement Agreement, and that amount should be discharged from his loan. ECF No. 172 at 10. This dispute led to years of additional disputes and negotiations between the parties, culminating with Plaintiff initiating this case in state court in August 2024. Defendants removed the case to this District in March 2025.

Fast forwarding to recent events, on April 22, 2026, Defendants voluntarily discharged the entirety of Plaintiff's loan. A few days later, Defendants recorded a substitution of trustee and deed of reconveyance for the deed of trust. Plaintiff's loan had an undisputed principal balance of $447,655.82 at the time of discharge, plus accrued interest, fees, property tax advances, and recording fees for a total value of approximately $628,718.49. Plaintiff now owns his home outright, and has been relieved of substantial monetary obligations related to his property. For example, since the Settlement Agreement, Defendants also paid $37,523.88 in property taxes on Plaintiff's property. During the July 14, 2026 hearing, Defendants confirmed on the record that

the loan has been rescinded, the deed of trust has been reconveyed, and that Defendants had the legal authority to undertake such steps.

## II.   LEGAL STANDARD

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).  A genuine issue of material fact exists if there is sufficient evidence such that a reasonable jury could return a verdict for the non-moving party.  *Id*. at 248.  The Court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact.  *See id*. at 249.

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists.  *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, and conclusory assertions will not suffice.  *See Anderson*, 477 U.S. at 252; *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## III.   DISCUSSION

Plaintiff brings eight claims in his First Amended Complaint: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) request for declaratory relief; (4) violation of Business & Professions Code § 17200; (5) violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*.; (6) intentional interference with contract (against PHH); (7) slander of title; and (8) violation of Real Estate Settlement Procedures Act, 12 U.S.C. § 2614 (against PHH).  Defendants seek summary judgment on all of Plaintiff's claims, arguing primarily that there is no dispute of material fact that Plaintiff has failed to establish damages for each claim given that Defendants have now entirely discharged Plaintiff's

United States District Court
Northern District of California

loan.

For the foregoing reasons, and as the Court explained during the July 14, 2026 hearing, the Court GRANTS Defendants' motion for summary judgment on Claims 1, 2, 3, 4, 5, and 7, and GRANTS in part and DENIES in part Defendants' motion on Claims 6 and 8.

### A.    Breach of Settlement Agreement Claims (Claims 1 – 4)

Plaintiff's first through fourth claims directly relate to Plaintiff's allegations of breach of the Settlement Agreement.  As a threshold issue, as part of the Settlement Agreement, Plaintiff agreed to a complete waiver and release of all known and unknown claims prior to March 4, 2020.  *See* Civil Code § 1542.  There is no dispute that Plaintiff signed the Settlement Agreement with this waiver.  Plaintiff's Statement of Undisputed Material Facts, ECF No. 176 at 3 ("SUMF").  For Plaintiff's claims that arise from alleged breach of the Settlement Agreement, including the dispute over the $33,120.95 related to the "credit" in the Settlement Agreement, Plaintiff's requested damages are no longer viable.  The discharge of Plaintiff's loan and other monetary obligations eliminates any remaining case or controversy because there is no further relief available to Plaintiff.  *Rafferty v. Chase Manhattan Mortg. Corp.*, 152 F.3d 928 (9th Cir. 1998) (finding that after bank rescinded nonjudicial foreclosure proceedings, there was no longer a live issue, and accordingly, no effective relief could be granted).  The relief Plaintiff received via Defendants' release of the loan meets or far exceeds the relief Plaintiff sought in his First Amended Complaint for these claims.  Plaintiff additionally conceded during oral argument on July 14, 2026, that his Business & Professions Code § 17200 (Claim 4) claim was foreclosed due to Defendants' release of the loan.

The Court GRANTS Defendants' motion for summary judgment as to Claims 1, 2, 3, and 4.

### B.    Rosenthal Fair Debt Collection Practices Act, Intentional Interference with Contract, and Slander of Title (Claims 5, 6, and 7)

With his fifth, sixth, and seventh claims, Plaintiff seeks to recover damages from being denied "the benefit of obtaining refinancing at a lower rate, which would have saved Plaintiff hundreds of thousands of dollars over the life of the loan."  FAC ¶ 118 (Claim 5); *see also id*.

4

¶ 134 (Claim 6); *id*. ¶ 142 (Claim 7).  Defendants argue that Plaintiff's damages claims lack an evidentiary anchor, and therefore summary judgment is appropriate.  The Court agrees.

Plaintiff's theory of damages is speculative and entirely unsupported by the record as Plaintiff has not put forth *any* evidence to show that he was ever denied credit or denied opportunities to refinance at a lower interest rate as a result of Defendants' alleged improper conduct.  *Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662, at *17 (N.D. Cal. Dec. 20, 2017) (holding that, at summary judgment, plaintiffs' damages theory would require the court to "guess what interest Plaintiff's money might have earned, and compare that to an interest rate on a loan Plaintiff never received," and was therefore too speculative); *Navellier v. Sletten*, 262 F.3d 923, 939 (9th Cir. 2001) ("It is black-letter law that damages which are speculative, remote, imaginary, contingent or merely possible cannot serve as a legal basis for recovery."); *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006 (9th Cir. 1981) (noting damages may not be "based on speculation or guess").  Defendants are entitled to summary judgment on Plaintiff's claims for damages based on Plaintiff's refinancing theory.

As part of his fifth claim, Plaintiff additionally seeks punitive damages against Defendant PHH.  Under California law, punitive damages may be appropriate "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ. Code § 3294 (for example, malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.").  Here, even drawing all inferences in favor of Plaintiff, neither the undisputed nor disputed facts establish that Defendants willfully engaged in despicable, malicious, oppressive, or fraudulent conduct in conscious disregard of Plaintiff's rights.

As part of his sixth claim, Plaintiff alleges that he experienced emotional distress and seeks damages accordingly.  Plaintiff additionally seeks attorney's fees for navigating PHH's alleged interference with his loan modification, deed of trust, and promissory note.  Because there is a dispute of material fact regarding both the emotional damages Plaintiff experienced, *see* SUMF at 10-11, and the attorney's fees incurred, *see* SUMF at 16, 18, the Court finds summary

United States District Court
Northern District of California

judgment is not appropriate.

The Court GRANTS Defendants' motion for summary judgment as to Claims 5 and 7 in full and Claim 6 in part; and DENIES Defendants' motion for summary judgment in limited part – only as to the attorney's fees and emotional damages arising under Plaintiff's Claim 6.

### C.    Real Estate Settlement Procedures Act (Claim 8)

Plaintiff alleges that PHH overcharged Plaintiff for monthly escrow impound amounts, and because of these overstated charges, Plaintiff's payments towards the escrow impound were insufficient and not accepted.  Plaintiff seeks actual damages, attorney's fees, and statutory damages of $2,000 for PHH's pattern of noncompliance.  For the reasons set forth above, *see infra* Section A, Defendants are entitled to summary judgment on Plaintiff's request for actual damages given that Defendants have discharged Plaintiff's loan and other monetary obligations.

Plaintiff additionally seeks statutory damages under 12 U.S.C. § 2605(f)(1)(B).  A plaintiff can recover statutory damages under the Real Estate Settlement Procedures Act if a "pattern or practice of noncompliance" is shown.  12 U.S.C. § 2605(f)(1)(B).  There remains a dispute of material fact as to whether there was a pattern of noncompliance rising to the level that Plaintiff could recover statutory damages, and whether attorney's fees are warranted.  SUMF at 17-18.  Therefore, the Court GRANTS in part, and DENIES in part summary judgment regarding statutory damages and attorney's fees under Claim 8.

### IV.    CONCLUSION

The Court GRANTS Defendants' motion for summary judgment on Claims 1, 2, 3, 4, 5, and 7; and GRANTS in part and DENIES in part Defendants' motion on Claims 6 and 8.

**IT IS SO ORDERED.**

Dated: July 28, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

6