UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY MAYER,<br><br>       Plaintiff,<br><br>    v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, et al.,<br><br>       Defendants. | Case No. 25-cv-00182-NW<br><br>**ORDER RE: MOTIONS TO EXCLUDE**<br><br>Re: ECF Nos. 163, 164, 165, 166 |

Before the Court are the parties' motions to exclude the opposing party's experts. Plaintiff moves to exclude Defendants' experts Dr. R. Scott Johnson and Brian Kelley. ECF Nos. 165, 166. Defendants move to exclude Plaintiff's experts, Jay Hibert and Bernard Jay Patterson. ECF Nos. 163, 164. The Court addresses each in turn.

## I.    LEGAL STANDARD

Under Rule 702 of the Federal Rules of Evidence, a witness may offer expert testimony if the following requirements are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

F. R. Evid. 702. Expert testimony is admissible under Rule 702 if the court finds by a preponderance of the evidence that the expert is qualified and the testimony is both relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004). Rule 702 "contemplates a

United States District Court
Northern District of California

broad conception of expert qualifications." *Hangarter*, 373 F.3d at 1015. "An expert's specialized knowledge and experience can serve as the requisite 'facts or data' on which they render an opinion." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022).

**II.    DISCUSSION**

**A.    Defendants' Motion to Exclude Mr. Hibert (ECF No. 163) and Plaintiff's Motion to Exclude Mr. Kelley (ECF No. 166)**

The Court DENIES Defendants' motion to exclude Mr. Hibert and DENIES Plaintiff's motion to exclude Mr. Kelley, both without prejudice. Both parties' arguments in their respective motions go to the weight of the experts' opinions, not the admissibility, and therefore are not the proper subject of a motion to exclude. But given the Court's Order regarding summary judgment, *see* ECF No. 200, it is unclear whether the testimony of either Mr. Hibert or Mr. Kelley remains relevant and therefore admissible. Accordingly, the parties are ORDERED to meet and confer to determine whether Mr. Hibert and Mr. Kelley's testimony is relevant to the remaining claims (if it is relevant to one side, it is relevant to the other), and if so, to specify how the testimony is relevant, and to which surviving claim or claims the testimony is relevant. The parties SHALL provide the Court with this information in a joint filing, of no more than three pages, by July 31, 2026.

**B.    Defendants' Motion to Exclude Mr. Patterson (ECF No. 164)**

The Court DENIES Defendants' motion to exclude Mr. Patterson without prejudice subject to the terms of this Order. The Court has serious concerns about whether Mr. Patterson qualifies as an expert. In addition, for the same reasons the Court explained above as to Mr. Hibert and Mr. Kelley, the Court is unclear as to whether Mr. Patterson's testimony (assuming he qualifies as an expert), is relevant.

Regarding Mr. Patterson's qualifications, the Court will hold an in-person Federal Rules of Evidence 402 hearing prior to empaneling the jury to determine whether Mr. Patterson's qualifications, methodology, and reliability of his qualifications are sufficient to permit him to testify as an expert.

As to the relevance of Mr. Patterson's testimony, the parties SHALL similarly meet and

confer and provide the Court with the same information about Mr. Patterson as Mr. Hibert and Mr. Kelley, *see infra*. The parties shall include the information about Mr. Patterson within the same three pages total limit, by July 31, 2026.

### C.    Plaintiff's Motion to Exclude Dr. Johnson (ECF No. 165)

The Court DENIES Plaintiff's motion to exclude Dr. Johnson without prejudice. Plaintiff's concerns go to the weight, not the admissibility, of his testimony. Nothing in this Order prevents Plaintiff from objecting if Dr. Johnson offers improper opinion testimony.

## III.    CONCLUSION

As ordered above, the parties shall meet and confer and provide the Court with a single joint filing, of no more than three pages total, by July 31, 2026, regarding whether Mr. Hibert, Mr. Kelley, or Dr. Patterson's testimony is relevant to the surviving claims. If so, the propounding party must specify how the testimony is relevant and must inform the Court to which surviving claim or claims the testimony is relevant.

**IT IS SO ORDERED.**

Dated: July 28, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California