Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
2063 Mountain Blvd. Suite 2
Oakland, CA 94611
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Nicholas Heath Wooten (Pro Hac Vice)
3125 Carlton Road
Cumming, GA 30041
Tel: (833) 937-6389
nick@nickwooten.com

Attorneys for Plaintiff
Cory Mayer

Eric D. Houser (SBN 130079)
Robert W. Norman, Jr. (SBN 232470)
Timothy A. Schneider (SBN 300816)
Darlene M. Morris (SBN 340727)
HOUSER LLP
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
E-Mail: tschneider@houser-law.com

Attorneys for Defendants, PHH Mortgage Corporation, now known as Onity Mortgage Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| Cory Mayer,<br>Plaintiff,<br>v.<br>DEUTSCHE ALT A SECURITIES MORTGAGE LOAN TRUST SERIES 2006-A.; PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE, LLC; DOES 1-20; and all persons unknown claiming any interest in the property, inclusive and DOES 1 through 50, inclusive,<br>Defendants. | CASE NO.: 5:25-cv-00182-NW<br>Unlimited Jurisdiction<br><br>**JOINT STATEMENT REGARDING JURY INSTRUCTION FOR CLAIM NO. 8**<br><br>Action Filed: August 9, 2024<br>Trial Date: September 28, 2026 |

Pursuant to Judge Noel Wise's Orders dated August 19, 2026 [Docket No. 210] and August 20, 2026 [Docket No. 213] and the hearing on the Trial Readiness Conference held on August 19, 2026, Defendant PHH Mortgage Corporation, now known as Onity Mortgage Corporation ("Onity") and Plaintiff Cory Mayer ("Plaintiff") submit this Joint Statement concerning the Proposed Jury Instruction for Claim 8.

# I. PROPOSED JURY INSTRUCTION

## A. Plaintiff's Proposed Jury Instruction

**CLAIM 8: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) — ELEMENTS**

Mr. Mayer also claims that PHH violated the Real Estate Settlement Procedures Act, known as RESPA. RESPA and its implementing regulation, known as Regulation X, impose duties on a mortgage loan servicer in the servicing of a borrower's mortgage loan account.

In order to prevail on his RESPA claim, Mr. Mayer has the burden of proving, by a preponderance of the evidence, each of the following elements:

1. PHH was servicing Mr. Mayer's loan;

2. PHH failed to comply with one or more of its duties under RESPA; and

3. PHH's failure to comply with the servicing duties under RESPA caused Plaintiff harm;

If you find that Mr. Mayer proved these elements, you must find for Mr. Mayer and against PHH on the RESPA claim and consider the issue of statutory damages. If you find that Mr. Mayer has not established these elements, you must find for PHH on the RESPA claim. If Plaintiff has proven the above elements and prevailed on the RESPA claim, then you may consider awarding

statutory damages if Plaintiff proves the following:

4. PHH engaged in a pattern or practice of noncompliance with RESPA.

*Source: 12 U.S.C. § 2605; 12 C.F.R. Part 1024 (Regulation X).*

**B. Defendant's Redline to Plaintiff's Proposed Jury Instruction**

**CLAIM 8: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) — ELEMENTS**

Mr. Mayer also claims that PHH Onity violated the Real Estate Settlement Procedures Act, known as RESPA, for overcharging Mr. Mayer for the monthly escrow impound account between July 2020 and February 2022 or for sending an inaccurate escrow statement on February 16, 2024. RESPA and its implementing regulation, known as Regulation X, impose duties on a mortgage loan servicer in the servicing of a borrower's mortgage loan, including duties in the administration of the borrower's escrow account.

To prevail on his RESPA claim, Mr. Mayer has the burden of proving, by a preponderance of the evidence, each of the following elements:

1. PHH Onity was servicing Mr. Mayer's loan;

2. PHH Onity failed to comply with one or more of its escrow account servicing duties under RESPA; and

3. PHH's failure to comply with the servicing duties under RESPA caused Plaintiff harm;

If you find that Mr. Mayer proved these elements, you must find for Mr. Mayer and against PHH on the RESPA claim and consider the issue of statutory damages. If you find that Mr. Mayer has not established these elements, you must find for PHH on the RESPA claim. If Plaintiff has

~~proven the above elements and prevailed on the RESPA claim, then you may consider awarding statutory damages if Plaintiff proves the following:~~

3. ~~PHH~~ Onity engaged in a pattern or practice of noncompliance with RESPA.

The instructions that follow define Onity's escrow-account servicing duties under RESPA pursuant to 12 CFR § 1024.17(c) and 12 CFR § 1024.17(i), and define what is required to reach a finding of "pattern or practice of noncompliance."

*Source:* 12 U.S.C. § 2605; 12 C.F.R. Part 1024 (Regulation X).

**C. Defendant's Proposed Jury Instruction without Redlines**

**CLAIM 8: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) — ELEMENTS**

Mr. Mayer claims that Onity violated the Real Estate Settlement Procedures Act, known as RESPA, for overcharging Mr. Mayer for the monthly escrow impound account between July 2020 and February 2022 or for sending an inaccurate escrow statement on February 16, 2024.

To prevail on his RESPA claim, Mr. Mayer has the burden of proving, by a preponderance of the evidence, each of the following elements:

1. Onity was servicing Mr. Mayer's loan;

2. Onity failed to comply with one or more of its escrow account servicing duties under RESPA; and

3. Onity engaged in a pattern or practice of noncompliance with RESPA.

The instructions that follow define Onity's escrow-account servicing duties under RESPA pursuant to 12 CFR § 1024.17(c) and 12 CFR § 1024.17(i), and define what is required to reach a finding of "pattern or practice of noncompliance."

*Source:* 12 U.S.C. § 2605; 12 C.F.R. Part 1024 (Regulation X).

## II. PLAINTIFF'S STATEMENT

Plaintiff's instructions track the statutory language that separates prevailing on liability for RESPA violations upon a showing of a violation and harm, and then, separately, proving pattern and practice for statutory damages separately.

Element 2 refers to PHH's "duties under RESPA" and leaves the definition and identification of those duties to the accompanying instructions, where the parties' factual contentions and the governing regulatory provisions are properly addressed. This is the correct structure for an elements charge. The elements instruction states the law; the explanatory instructions that follow define the specific duties and identify the conduct the jury may consider. Defining the universe of duties inside the elements charge itself — as PHH proposes — improperly converts a statement of law into a recitation of evidence and argument.

Plaintiff's instruction is also faithful to the operative pleading. The First Amended Complaint pleads that "[f]ailure to comply with Regulation X is a violation of RESPA, 12 U.S.C. § 2605(k)(1)(E)" (FAC ¶ 147), incorporates the factual allegations of the complaint (FAC ¶ 146), and alleges within the RESPA count that PHH's conduct "is one of the reasons that PHH rejected Mayer's payments" and that "Mayer is entitled to damages caused by the rejection of his payments" (FAC ¶ 150). The claim is therefore not limited to two discrete escrow acts, and the elements instruction should not be drafted to foreclose the balance of the pleaded servicing conduct. RESPA claims are governed by the notice-pleading standard of Rule 8; nothing requires a plaintiff to enumerate every regulatory subsection to preserve a pleaded theory of servicing noncompliance.

The parties dispute the effect of the Court's summary-judgment order [Dkt. No. 200] on the measure of recovery under Claim 8, and Plaintiff respectfully submits that the Court's clarification would assist the parties in finalizing the instructions for this claim.

The dispute over the RESPA instructions centers primarily on an interpretation and implication of the summary judgment order relating to RESPA damages and whether the element of "actual damages" should be included in the instructions, or whether that required element should be treated as established against Plaintiff, or in favor of Plaintiff.

There is no Ninth Circuit published case ruling that "actual damages" is a required element to prevail under RESPA. However, an unpublished Ninth Circuit case ruled that actual damages is a required element for a RESPA claim. *Carswell v. JP Morgan Chase Bank N.A.*, 500 Fed.Appx. 580, 582 (9th Cir. 2012)

Plaintiff's instructions are not intended to lead to recovery of damages that this Court has found moot. This can be handled by a verdict form that will clarify no award for economic damages already disallowed. The instruction will allow the jury to find a violation of RESPA, and if any harm was caused, then Plaintiff will prevail on the RESPA claim, even without a dollar amount awarded because the loan forgiveness mooted the recovery. Then, as the statute provides, statutory damages are in additional and optional, rather than an element required to prevail on the entire claim. Plaintiff objects to Defendants instructions because they make pattern and practice a required element to prevail on the RESPA claim. This is not what the statute provides. Pattern and practice is only requried to prove statutory damages, not to prove the entire RESPA claim.

The element of harm can be satisfied by emotional distress damages because those are recoverable under RESPA. In the alternative, that the jury instructions or verdict forms can be modified to allow Plaintiff to prove, but not recover, economic damages, to meet the element of the claim but also give effect to the Court's ruling on summary judgment that the loan forgiveness meets or exceeds the economic damages related to the breach of contract claims.

PHH takes the position that the Court's order on summary judgment resolved the "actual damages" element against Plaintiff in a manner that means the RESPA claim has already failed as a matter of law and therefore there is no purpose in proceeding to trial on the RESPA claim because it is already doomed to failure even if Plaintiff proves statutory damages through pattern and practice.

The order on summary judgment ruled that the loan forgiveness "meets or far exceeds" economic damages sought under the breach of contract related claims in Section A of the order, making those economic damages moot. Emotional distress damages were not sought in the breach of contract claims.

Under the RESPA portion of the summary judgment order, the Court refers to that prior Section A for contract economic damages and states: "For the reasons set forth above, see infra Section A, Defendants are entitled to summary judgment on Plaintiff's request for actual damages given that Defendants have discharged Plaintiff's loan and other monetary obligations."

PHH's argument that the actual damages element should be excluded from the instructions is based on interpreting the words "actual damages" to include noneconomic damages of emotional distress, and therefore means that Plaintiff has in fact already lost this required element of RESPA, which is dispositive against the entire RESPA claim as a matter of law. This argument would mean that the summary judgment order is erroneous for having allowed the RESPA claim to proceed for statutory damages and attorney's because the actual damages element has already failed.

PHH's position would require a finding by this Court that emotional distress damages are not recoverable damages under RESPA, which is a legal issue that has not been decided by the Ninth Circuit, but the two circuits that have addressed the issue have both found emotional distress damages to be recoverable under RESPA. *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676 (7th Cir. 2011); *Moore v. Wells Fargo Bank, N.*A., 908 F.3d 1050, 1060 (7th Cir. 2018); *Houston v. United States Bank Home Mortg. Wis. Servicing*, 505 F. App'x 543 (6th Cir. 2012).

If this Court agrees with PHH's position then taking the RESPA claim to trial is illogical because it has already failed as a matter of law; this would require amending order on summary judgment to rule that emotional distress damages are not recoverable under RESPA and that the actual damages element failed. Plaintiff's position is that the court should not adopt this reasoning because it would require changing the order to disallow economic damages for lack of evidence, not for mootness based on having received a benefit worth more than the alleged damages suffered.

Plaintiff's position is that the summary judgment order language may be interpreted, or henceforth could be clarified from the bench, to mean only the economic damages referred to in

Section A related to the contract claims were mooted by the loan forgiveness because emotional distress is not recoverable under those contract claims. The order found there was a genuine dispute over emotional distress, which was not mooted by the forgiveness, and therefore Plaintiff's position is that they may recovered as actual damages under RESPA as allowed by the two Circuit Courts of Appeal that have ruled that way.

Interpreting the order this way would give effect to the order as it is written and would not require amending the order. The case could proceed as to the remaining two claims, for the same recovery of emotional distress and attorney's fees.

In the alternative, the Court could clarify from the bench that Plaintiff may present evidence of actual damages caused by violations of RESPA, but that the jury is instructed that the damages are not recoverable because they have been mooted, or compensated for, by the loan forgiveness. If so, the jury instructions and verdict forms can be adjusted to allow for a simple finding that damages were caused by the violations, but that no dollar amounts be awarded. This instruction would allow the case to proceed with the same scope of evidence.

Plaintiff objects to Defendants using the name "Onity" in the instruction, because all the documents in the case use the name PHH, and using Onity would unnecessarily confuse the jury and risk thinking they are separate entities.

Plaintiff objects that Defendant's instruction incorrectly limits the scope of the facts to prove, with specific timelines, and dates. The First Amended Complaint incorporated all facts into the RESPA claim, and it is not limited to the two specific examples of charging too much for the monthly escrow impound and sending inaccurate statements, but can include the other wrongful acts. The court should not adopt the timeframe dates in PHH's instruction, even if the count is limited to overcharging escrow and inaccurate statements because those things occurred continuously from 2020 to the date of the loan forgiveness, and the instruction would artificially reduce the scope of the violations and the resulting harm.

Defendant argues that the RESPA claim cannot include emotional distress because it was not pleaded. However, Plaintiff's RESPA allegation in the First Amended Complaint encompasses all recoverable damages under that claim, and encompasses all factual allegations in the complaint.

The First Amended Complaint alleges under the RESPA claim "Plaintiff incorporates the allegations above and below as though they are stated herein" [FAC146], and "PHH's violations in charging far too much for escrow impound caused Mayer damages because it is one of the reasons that PHH rejected Mayers payments. PHH claims Mayer's payments were insufficient to cover the amount of his monthly obligation because he did not pay enough to cover the escrow impound which was significantly overstated. Mayer is entitled to damages caused by the rejection of his payments for the last five years." [FAC ¶150]. Plaintiff's position is that this is sufficient to recover any damages recoverable under RESPA, including emotional distress, which was alleged in the complaint to have been caused by PHH's conduct.

Plaintiff believes that the Court may adopt his instruction above. In the alternative, Plaintiff believes clarification of the meaning and consequence of the summary judgment order would be appropriate.

## III. ONITY'S STATEMENT

### A. Onity Disagrees with Plaintiff's Proposed Instruction Because it Presents a Theory of Liability that is Not Pleaded, nor Appropriate Under RESPA

Plaintiff's First Amended Complaint includes very specific alleged violations of RESPA under 12 CFR § 1024.17(c) and 12 CFR § 1024.17(i). Paragraph 148 of the First Amended Complaint alleges a claim under 12 CFR § 1024.17(c) for overcharging plaintiff between July 2020 and February 2022. Paragraph 149 of the First Amended Complaint alleges a claim under 12 CFR § 1024.17(i) for the February 16, 2024 escrow analysis improperly stating a surplus.

The Parties met and conferred on the instruction and have a disagreement on the scope of Plaintiff's RESPA claim. Onity's position is that Claim 8 is limited to the specific alleged violations of RESPA in Paragraphs 148 and 149 of the First Amended Complaint pursuant to the cited statutory authority of 12 CFR § 1024.17(c) and 12 CFR § 1024.17(i). Plaintiff's position is that Claim 8 is not that limited, and he intends to present a theory that Onity violated RESPA based on his allegation in Paragraph 150 of the First Amended Complaint that alleges that Onity's conduct "caused Mayer damages because it is one of the reasons that PHH rejected Mayer's payments," and that "Mayer is entitled to damages caused by the rejection of his payments for the last five years" based on the

reference to 12 U.S.C. § 2605(k)(1)(E) in Paragraph 147 of the First Amended Complaint.

Plaintiff's proposed instruction is an improper attempt to expand the scope of issues under Claim 8, and Plaintiff's reliance on 12 U.S.C. § 2605(k)(1)(E) is misplaced.

First, Paragraph 147 of the First Amended Complaint is a recitation of law for the implementing regulations for RESPA and Regulation X. The only allegation in Paragraph 147 is that Onity is a servicer. There is no allegation that Onity violated every possible servicing error under 12 U.S.C. § 2605(k)(1)(E), and the statute does not stand for this purpose. Subsection (k)(1)(E) is the textual mechanism by which the Regulation X requirements in 12 C.F.R. Part 1024 become RESPA violations. Plaintiff's pleading maps precisely and only onto (k)(1)(E) and § 1024.17. He pleads the (k)(1)(E) catchall as his statutory basis and identifies § 1024.17(c) (overcharge) and § 1024.17(i) (inaccurate accounting) as the regulations violated. Plaintiff does not plead the error-resolution duty (§ 1024.35, which implements § 2605(k)(1)(C)) or the information-request duty (§ 1024.36, which implements §§ 2605(e), (k)(1)(B), and (k)(1)(D)) – the two other principal categories of servicer obligation the CFPB created under § 2605(k).

The escrow rules Plaintiff pleaded and the error-resolution/information-request rules he did not plead are separate duties resting on different subsections. *Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254, 265 (S.D.N.Y. 2017). A RESPA plaintiff must identify which provision of the statute a particular defendant violated; a complaint that leaves this unclear fails to state a claim. *Amina v. WMC Fin. Co.*, 329 F. Supp. 3d 1141, 1162-1163 (D. Haw. 2018). Where a pleading's counts cited particular statutory provisions for recovery, the Ninth Circuit held those counts gave notice only of those statutory theories, not of a separate theory pleaded without independent statutory grounds. *In re Acequia, Inc.*, 34 F.3d 800, 814 (9th Cir. 1994).

Second, Plaintiff's attempt to include this RESPA theory is not supported by the statute. The rejection of a conforming payment is made an actionable "error" under 12 C.F.R. § 1024.35(b)(1), which lists as a covered error the "[f]ailure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments." That statute has a specific trigger. Onity's § 1024.35 duties arise only after Plaintiff submits a written notice of error, which is not pleaded anywhere in the First Amended Complaint. This process concerning the "[f]ailure to accept

a payment that conforms to the servicer's written requirements for the borrower to follow in making payments" under 12 C.F.R. § 1024.35(b)(1) is implemented through 12 U.S.C. § 2605(k)(1)(C) – not 12 U.S.C. § 2605(k)(1)(E) – which also does not appear anywhere in the First Amended Complaint. This is consistent with Plaintiff's confirming statement during the meet and confer process that Plaintiff is "not pursuing a qualified-written-request or § 2605(e) notice-of-error theory, and we're content to omit any QWR language from the instruction."

Plaintiff is attempting to make every identified "error" under 12 C.F.R. § 1024.35(b)(1) an actionable violation, which is not supported by the statute or applicable law. The duty to credit and apply mortgage payments is imposed by Regulation Z under the Truth in Lending Act, 12 C.F.R. § 1026.36(c)(1) – the "[p]ayment processing" rule governing periodic payments, partial payments, and non-conforming payments. 12 C.F.R. § 1026.36. Regulation X confirms the point: its error definition for failure to credit a payment expressly cross-references "a violation of 12 CFR 1026.36(c)(1)" as the source of the crediting duty. 12 C.F.R. § 1024.35. A complaint that the servicer mishandled or misapplied payments therefore identifies, at most, a Regulation Z issue channeled through the RESPA notice-of-error process – not a free-standing § 2605 servicing violation.

The text of 12 C.F.R. § 1024.35(b)(1) also refutes Plaintiff's position: § 1024.35(b) defines the scope of errors a borrower may assert, while the operative duties in § 1024.35(d)–(e) are triggered only by the servicer "receiving a notice of error." 12 C.F.R. § 1024.35. An enumerated error a borrower never properly raised imposes no obligation and supports no § 2605(f) claim. *Nguyen v. Clear Recon Corp.*, No. C25-1823-KKE, 2026 WL 1875510 (W.D. Wash. June 30, 2026).

Plaintiff's proposed jury instruction is improper because it attempts to capture a statutory theory of liability that was not pleaded and is not supported by the statute itself. Onity respectfully requests the Court adopt its proposed jury instruction on the elements of Claim 8.

**B. Onity Has Excluded an Element of RESPA from the Instruction Based on the Court's Summary Judgment Ruling**

Onity excluded the following element from the proposed jury instruction for Claim 8, which would have been inserted between the proposed elements 2 and 3 on its proposed jury instruction:

> Mr. Mayer suffered actual damages as a direct result of Onity's failure to comply with one or more of its escrow account servicing duties under RESPA.

Onity excluded this element because the Court's order on Summary Judgment [Docket No. 200] dismissed all actual damages under Claim 8:

> "Defendants are entitled to summary judgment on Plaintiff's request for actual damages … Therefore, the Court GRANTS in part, and DENIES in part summary judgment regarding statutory damages and attorney's fees under Claim 8." (Docket No. 200 at p. 6).

The dismissal of all actual damages and the limitation that Claim 8 remains solely for statutory damages for pattern and practice under RESPA, plus attorneys' fees under the statute, was confirmed by the Court at the August 19, 2026 Trial Readiness Conference.

Onity is also providing the Court with authority of its position that actual damages is an element that has been excluded as stated above. These cases discuss the requirement for actual damages as an element of RESPA and a required finding of actual damages before a court may award statutory damages. *See Loewy v. CMG Mortgage, Inc.*, 385 F.Supp.3d 1083 (2019); *Kitty Yinling Zhang v. Countrywide Home Loans, Inc.*, 601 Fed.Appx. 567, 567 (9th Cir. 2015); *Carswell v. JP Morgan Chase Bank N.A.*, 500 Fed.Appx. 580, 582 (9th Cir. 2012); *Hahn v. Select Portfolio Servicing, Inc.*, 424 F. Supp. 3d 614 (N.D. Cal. 2020); *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713 (8th Cir. 2018); *Rodriguez v. Quicken Loans, Inc.*, 257 F. Supp. 3d 840 (S.D. Tex. 2017); *In re Neria*, No. AP 16-03148, 2022 WL 17254478 (Bankr. N.D. Tex. Nov. 28, 2022).

Plaintiff's inclusion of the element of actual damages is: (1) an improper attempt to present evidence on the credit damages and refinance damages that were dismissed at summary judgment; (2) an improper attempt to present emotional distress as a damage available under RESPA contrary to the First Amended Complaint, summary judgment order, and persuasive California cases. *See Ramanujam v. Reunion Mortgage, Inc.*, Case No. 5:09-cv-03030;JF/HRL, 2011 WL 446047, *5 (N.D. Cal. Feb. 3, 2011); *Flate v. Mortgage Lenders Network USA, Inc.*, Case No. CV 15-08873-AB (FFMx), 2016 WL 9686051, *3-4 (C.D. Cal. March 4, 2016) (citing multiple cases); *Hahn v.*

*Select Portfolio Servicing, Inc.*, 424 F.Supp.3d 614 (2020) (some courts hold that "damages for 'emotional and mental distress are not pecuniary damages that can support a claim under RESPA.'")

Plaintiff did not plead emotional distress as damage under Claim 8. A damages allegation pleaded under a different cause of action does not supply fair notice as to a claim that omits it. In *Vaughn v. Producers Agric. Ins. Co.*, No. 1:14CV12-MW/GRJ, 2015 WL 12914150 (N.D. Fla. Jan. 23, 2015), the court held that a damages allegation appearing elsewhere in the complaint failed the notice requirement as to a distinct count because those "allegations … were not incorporated in their bad-faith count." That principle has particular teeth in the RESPA context. Under 12 U.S.C. § 2605(f)(1)(A), a servicer is liable only for "actual damages to the borrower as a result of the failure" to comply. 12 U.S.C.A. § 2605. Construing that "as a result of" language, courts hold that "allegations made under a separate cause of action are insufficient to sustain a RESPA claim for actual damages as they are not a direct result of the failure to comply." *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218 (E.D. Cal. 2010).

**C. Lack of Model Instruction**

Onity conducted a diligent search for cases that have tried the specific alleged violations of RESPA under 12 CFR § 1024.17(c) and 12 CFR § 1024.17(i) at issue in this case. Onity did not locate a single case in its Nationwide search that adopted a jury instruction concerning alleged violations of escrow account servicing duties for the Court to consider. However, Onity located many cases related to violations of the QWR/NOE requirement under RESPA and used those jury instructions as a starting point. Those jury instructions – some of which were used by Plaintiff's counsel Mr. Wooten – all consistently specified that it was only a QWR/NOE at issue, not a broad-stroke failure to comply with RESPA duties as the Plaintiff seeks here. *See Geoffrion v. Nationstar Mortg., LLC* (E.D. Tex. Case No. 4:14-cv-350) [Exhibit 1]; *Dolan v. Select Portfolio Servicing* (E.D.N.Y. Case No. 2:03-cv-03285) [Exhibit 2]; *May v. Nationstar Mortg., LLC* (E.D. Miss. Case No. 4:14-cv-578) [Exhibit 3]; *Saccameno v. Ocwen Loan Servicing, LLC* (N.D. Ill. Case No. 1:15-cv-01164) [Exhibit 4]; *Catalan v. RBC Mortg. Co.* (N.D. Ill. Case No. 1:05-cv-06920) [Exhibit 5]; *Hammer v. Residential Credit Solutions, Inc.* (N.D. Ill. Case No 1:!3-cv-06397) [Exhibit 6].

Onity modeled its instruction in the same narrow and specific manner to the alleged RESPA violations at issue in this case.

Dated: August 21, 2026

**HOUSER LLP**

By: *\/s/ Robert W. Norman, Jr.*
ROBERT W. NORMAN, JR.
Attorneys for *Defendant* PHH Mortgage Corporation now known as Onity Mortgage Corporation

Dated: August 21, 2026

**LAW OFFICES OF ANDREW J. CHRISTENSEN, P.C.**

By: */s/ Andrew J. Christensen*
ANDREW J. CHRISTENSEN
Attorney for *Plaintiff* CORY MAYER