Eric D. Houser (SBN 130079)
Robert W. Norman, Jr. (SBN 232470)
Timothy A. Schneider (SBN 300816)
Darlene M. Morris (SBN 340727)
HOUSER LLP
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
E-Mail: tschneider@houser-law.com

Attorneys for Defendants, PHH MORTGAGE CORPORATION, NOW KNOWN AS ONITY MORTGAGE CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CORY MAYER,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE ALT A SECURITIES MORTGAGE LOAN TRUST SERIES 2006-A; PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE, LLC; DOES 1-20; and all persons unknown claiming any interest in the property, inclusive, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 5:25-cv-00182-NW<br><br>**DEFENDANT PHH MORTGAGE CORPORATION, NOW KNOWN AS ONITY MORTGAGE CORPORATION'S STATEMENT RE EXPERT TESTIMONY FOR THE RESPA CLAIM** |

Defendant PHH Mortgage Corporation, now known as Onity Mortgage Corporation ("Onity") submits this statement pursuant to ECF 219, 223, and 224 in support of its position that expert testimony is inappropriate for Plaintiff Cory Mayer's ("Plaintiff") Claim 8, RESPA.

## I. <u>Element 1 is Undisputed and Decided – No Expert Needed</u>

The Court has determined that servicer status is undisputed. There is nothing for an expert to explain, and any opinion on this element would be superfluous.

## II. Element 2 – the Meaning of § 1024.17 and Whether Onity Complied With It Are Questions of Law and Ultimate Legal Conclusions No Expert May Give

Every element-2 question ultimately reduces to one thing an expert cannot supply: an opinion on what § 1024.17 requires and whether Onity met it. Two settled principles foreclose testimony.

First, the regulation's meaning is a question of law for the Court, not a subject for expert opinion. Interpreting the standard and instructing the jury "is the distinct and exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir. 2008). Where a legal standard governs the issue, that standard presents "matters of law for the court's determination" and is an "inappropriate subject[] for expert testimony"; the Ninth Circuit has affirmed exclusion of such opinion as "utterly unhelpful." *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443 (9th Cir. 1992). Applying the court's legal standard to the facts is the jury's task.

Second, an opinion that a party did or did not comply with a statute or regulation is an impermissible legal conclusion. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004). Testimony that conduct "violated" a law is inadmissible precisely because "such testimony would, in effect, instruct the jury regarding how it should decide the key question whether [the party] violated a statute." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir. 2008). Courts apply that rule directly to regulatory-compliance opinions: "expert opinion about whether federal law was contravened is simply inadmissible." *Camenisch v. Umpqua Bank*, 763 F. Supp. 3d 871 (N.D. Cal. 2025).

Finally, industry-standard testimony is not permissible when the industry standard is defined by the statute because it would result in an opinion that the party "in fact" violated the law. *Torliatt v. Ocwen Loan Servicing, LLC*, 570 F. Supp. 3d 781 (N.D. Cal. 2021); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004).

## III. Element 2(a) is a Matter of Arithmetic

Section 1024.17(c)(1)(ii) supplies a fixed formula. A servicer may charge a monthly sum equal to one-twelfth of the total annual escrow payments, plus a one-sixth cushion. Deciding whether the charged amount exceeded that ceiling is arithmetic: divide the annual escrow figure by twelve,

add the one-sixth cushion, and compare the result to the amount billed. The annual property-tax figures will be presented, and the amounts charged appear on the monthly statements. That is precisely the kind of task courts hold requires no expert. Where the numbers and the standard are before the jury, the jury can accomplish its own analysis of the evidence and evaluate for itself whether the standard was met. Jurors can compare statements and tax records based on the Court's formula themselves. *U.S. v. Fuentes-Cariaga*, 209 F.3d 1140 (9th Cir. 2000).

## IV. Element 2(b) is a Checklist Comparison within Lay Competence

Section 1024.17(i) requires a servicer to send an annual escrow account statement. Whether a given statement contained the itemized contents is a document-to-checklist comparison: the jury reads the statement, reads the Court's instruction listing the required items, and determines whether the items are present. A lay juror can understand this without assistance and it involves documents the jury will be able to view and evaluate for itself. Where the meaning and adequacy of a written communication are at issue and the document speaks for itself, the question is resolved without an expert. *Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1068-69 (N.D. Cal. 2015) (opinions concerning falsity of a letter impermissibly encompassed the ultimate legal question).

## V. Element 3 is a Lay Factual Determination Defined in Ordinary Terms

The Court has instructed that "[a] pattern or practice means a standard or routine way of operating," and that "[t]here is no magic number of violations that create a pattern or practice of noncompliance." Whether repeated conduct amounts to a "standard or routine way of operating" is a quintessential lay inference from the evidence, defined for the jury in ordinary language. Whether Onity's conduct amounts to a "pattern or practice of noncompliance" is a legal characterization of the statutory standard, not a fact an expert can supply. The underlying facts that do bear on the standard — the frequency and regularity of Onity's conduct — may be established by Onity's own records, which speak for themselves and require no expert to be understood. A lay jury can compare these items, or lack thereof, and weigh Onity's testimony. Drawing inferences of that kind is within the ordinary province of jurors, and an expert may not tell the jury what result to reach, which attempts to substitute the expert's judgment for the jury's. Rule 704(a) does not save such testimony. *Magallon v. Robert Half Int'l, Inc.*, 743 F. Supp. 3d 1237 (D. Or. 2024).

Other courts have applied these principles to find that "pattern or practice" is a lay jury fact question decided on repeated-instance and internal-policy evidence, needing no expert. *See Geoffrion v. Nationstar Mortg. LLC*, 182 F.Supp.3d 648, 668 (E.D. Tex. 2016) (no experts were presented on pattern or practice, the jury made the determination based on the servicer's own testimony and policies). Whether such conduct was Onity's standard operating procedure – assessing "the nature of the noncompliance" "is the fact finder's responsibility," not an expert. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 740 (N.D. Ill. 2003) (court excluded expert because the expert only offered legal conclusion or ipse dixit testimony, because it is improper for an expert to offer legal conclusion on whether an act was compliant or not compliant with the FDCPA).

## VI. CONCLUSION

Onity respectfully requests that the Court preclude expert testimony — from any party — directed to the elements of the RESPA claim as defined in the September 25, 2026 Order (ECF No. 224): servicer status, compliance with 12 C.F.R. § 1024.17(c)(1)(ii) and § 1024.17(i), and pattern or practice of noncompliance. Each of those questions is one the jury will decide by applying the Court's instructions to record documents and simple arithmetic, and the only opinion an expert could add — whether Onity complied with or violated the regulation — is a legal conclusion outside the proper scope of expert testimony. Experts are not appropriate.

This position is consistent with the Court's prior rulings limiting the claims and available damages at summary judgment (ECF 200), questioning the relevance of experts (ECF 201), Onity's position that the experts are not relevant following the Court's summary judgment order (ECF 203), and the Court's finding that expert testimony in support of Claim 6 does not meet the standards set for in the Federal Rules of Evidence, including Rules 402, 702, and 104(a) (ECF213).

DATED: September 29, 2026

**HOUSER LLP**

/s/ Robert W. Norman, Jr.
Robert W. Norman, Jr.
Attorneys for Defendants,
PHH Mortgage Corporation, now known as Onity Mortgage Corporation